[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Alexjandro Daniels, appeals the judgment of the Hamilton County Court Common Pleas convicting him of possessing cocaine, a felony of the second degree as charged, and preparing cocaine for sale, a felony of the fourth degree. Daniels was convicted of the offenses after a jury trial. For the following reasons, we affirm the trial court's judgment.
At trial, the investigating police officers testified that they had received anonymous complaints of drug trafficking at Daniels's residence on Sutter Avenue in Cincinnati. At the beginning of May 1999, they began surveillance of the apartment. The officers testified that they had witnessed Daniels and Erron Nichols engaging in what appeared to be drug transactions. A confidential informant subsequently went to the apartment and bought cocaine from Nichols.
The officers then obtained a search warrant for the apartment. When they executed the warrant in the early morning hours of May 3, 1999, they discovered a large rock of crack cocaine in the kitchen and several bags containing small amounts of crack cocaine in the bedroom. Daniels was not present when the warrant was executed, but the officers found some of his belongings, including a wallet containing his Ohio identification card.
Daniels testified that he was unaware of any drug activity that had occurred at the apartment. He stated that he had not resided in the apartment after April 28, 1999, and that, after that date, only Nichols had occupied the residence. He conceded, though, that he had a key to the residence at the time the warrant was executed, that certain of his belongings were still in the apartment at that time, and that he had given the Sutter Avenue apartment as his address when he was stopped for an unrelated traffic violation on May 2, 1999.
The jury returned a verdict of guilty. In a single assignment of error, Daniels now argues that the judgment of conviction was based upon insufficient evidence and was contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
R.C. 2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Pursuant to R.C. 2925.11(C)(4)(d), if the controlled substance is crack cocaine in an amount greater than ten grams but less than twenty-five grams, possession is a felony of the second degree. R.C. 2925.07(A),[3] governing the preparation of drugs for sale, provides that "[n]o person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance or when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance."
In the case at bar, the state adduced sufficient evidence to sustain the convictions. Daniels was seen engaging in what appeared to be drug trafficking, and a subsequent search of his residence uncovered two separate caches of crack cocaine. The cocaine discovered in the bedroom was packaged in separate bags, and the officers testified that the packaging was consistent with the intended distribution of the drug.
Although Daniels testified that he had ceased to reside in the apartment when the drugs were discovered, we cannot say that the jury lost its way in finding him guilty of the offenses. Daniels maintained a key to the residence, many of his belongings remained at the apartment, and he continued to identify the apartment as his address. These circumstances, coupled with Daniels's apparent participation in drug sales from the apartment, supported the jury's conclusion that he had engaged in the drug activity alleged in the indictment. Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819.
[2] State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541.
[3] Since Daniels's conviction, R.C. 2925.07 has been repealed and recodified at R.C. 2925.03.